## SNYDER v. SECOND NAT. BANK OF ASHLAND et al.

Court of Appeals of Kentucky.

Oct. 19, 1951.

Rehearing Denied Dec. 6, 1951.

McDonald & McDonald, Lexington, Davis & Vigor, Ashland, for appellant.

Dysard & Dysard, Chesley A. Lycan, Gillard B. Johnson, Jr., Ashland, for appellees.

CLAY, Commissioner.

This action was brought to have declared the rights of beneficiaries under the will of John W. M. Stewart. No one seems satisfied with the judgment.

The subject in controversy is a $50,000 trust fund. The initial beneficiary was the testator's brother, Forrest Lee Stewart, who predeceased the testator and is out of the picture. His daughter, Martha Mayo Stewart (Snyder), is now living. She had no children at the time of the death of her father or the testator, but later had a son. This child and the date of his birth create the complication. The principal question presented is whether or not his mother, Martha, has a life estate in the trust fund or is entitled to the corpus under Item Six of the will.

This item provides in part: "Item Six. I bequeath unto the Ashland National Bank, as Trustee; the sum of Fifty Thousand Dollars ($50,000), * * * to pay net income therefrom to my brother, Forrest Lee Stewart, in semi-annual or more frequent payments, during his life, *and upon his death, to transfer the corpus of the trust to his daughter, Martha Mayo Stewart, if she be then living and have living issue. If she shall not survive her father, and be survived by living issue, the corpus of the trust shall be transferred to her issue, per stirpes and not per capita. And unless she shall have living issue, the Trust shall continue* and payments of income therefrom made to her during life, *and if she shall die without having had issue,* the income shall be paid, as before her death, to her mother, Nannie Watson Stewart, during life, and upon her death the corpus shall be paid to my sister, Neva S. Campbell, or her heirs." (Our italics.)

The Chancellor adjudged: (1) the trust was not terminated when the child was born; (2) Martha had only a life estate in the fund; (3) thereafter her mother, Nannie Watson Stewart, had a life estate; and (4) upon the death of the latter the corpus should go to the child or children of Martha.

The parties have cited a great number of cases relating to the construction of wills, but the rules are so general and familiar that it would serve no purpose to discuss them. Our problem is simply to determine as nearly as possible exactly what disposition of his estate the testator intended to make when he wrote Item Six.

If Item Six consisted of only the first sentence, it is apparent Martha would not be entitled to the corpus unless she was "upon his death" (her father) *then* living and *then* had living issue. The next sentence provides that if she does not survive him but her issue survives, they shall have the corpus. This provision indicates the testator anticipated that, if Martha did not receive the corpus, it was to go to her descendants, if any.

The first part of the following sentence makes it manifest that unless Martha has living issue (whether at one time or another), she shall never have more than a life estate. It is significant the testator directs "the Trust shall continue" if she does not have living issue. The converse would seem to follow; i. e., if she has living issue the trust shall terminate.

The second part of this last sentence provides a life estate to Martha's mother, and the final disposition of the corpus in the following event: "if she (Martha) shall die without having had issue." This last sentence standing by itself contains no limitation with respect to the time Martha may have such issue, and the intention manifested is that the birth of a child to Martha would cut off the succeeding life estate and the contingent disposition of the corpus.

■ We must of course construe the provisions of Item Six as a whole. The fundamental purpose exhibited is that the testator's brother, Forrest, and his de-scendants shall eventually absorb this bequest if the line continues. It appears from other provisions of the will and proven circumstances that the brother was not given the bequest outright in the first instance because he was rather unstable in the handling of money. Therefore, while keeping the corpus from him, the testator apparently intended that the fund should go to Forrest's daughter or to her descendants. A prime objective of the trust seems to have been to protect the corpus from the spendthrift inclinations of the brother, but no intent is shown to preserve it for other members of the family except in the event Martha failed to continue that line of descent.

With these purposes in view, we need simply follow the trust. It was to end if Martha survived her father and at that time had living issue, or if she did not survive her father but was survived by living issue. Neither of these events occurred. What next then does the testator provide? He writes: "the trust shall continue * * * unless she shall have living issue". The "unless" happened. She now has living issue. Therefore the trust shall no longer continue, but is at an end.

Having reached this conclusion, the only remaining question is whether Martha or her child shall receive the corpus. The testator in the earlier part of this Item expressed the wish that the corpus be trans-ferred to Martha if she had living issue. This situation exists, although not under the precise conditions first stipulated. How-ever, the will provides the corpus shall go to the issue only in the event Martha is dead. Significantly the testator provided for this disposition "per stirpes and not per capita," indicating that only in the event the corpus could be fairly divided amongst all of her issue was it to be transferred to them. It would be an unnatural provision to direct the transfer of the corpus to one unknown child when there exists the possibility, if not the probability, there will be others.

■ In view of the fact that the testator was perfectly willing for Martha to have the corpus if she had living issue, and since he provided the trust should terminate in

the event she had such issue, it is our opinion that Martha is now entitled to the corpus. We believe the Chancellor was in error in adjudging a different disposition of this bequest.

The judgment is reversed for the entry of one in conformity with this opinion.